NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-4373
_____

UNITED STATES OF AMERICA

v.

RUSSELL FLUKER,
                    *Appellant*
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2-11-cr-00447-002)
District Judge:  Honorable William H. Walls
_____

Submitted Under Third Circuit LAR 34.1(a)
December 12, 2013

Before:  MCKEE, *CHIEF JUDGE,* FUENTES, and SLOVITER, *Circuit Judges*

(Filed: January 23, 2014)
_____

O P I N I O N
_____

SLOVITER, *Circuit Judge*.

Russell Fluker ("Fluker") appeals the sentence imposed by the District Court after he pled guilty to conspiracy to possess with intent to distribute more than 100 grams of heroin in violation of 21 U.S.C. § 846. His attorney moves to withdraw as counsel, pursuant to *Anders v. California*, 386 U.S. 738 (1967). Because there are no non-frivolous issues for appeal, we will grant the motion to withdraw and will affirm Fluker's conviction and sentence.[1]

I.

Wiretaps and surveillance by Drug Enforcement Administration agents revealed that Fluker, together with several co-defendants, had engaged in transporting heroin from New Jersey to western Pennsylvania. Heroin confiscated during Fluker's subsequent arrest totaled roughly two kilograms. Fluker pled guilty to conspiracy to possess with intent to distribute more than 100 grams of heroin in violation of 21 U.S.C. § 846. The Probation Department calculated Fluker's criminal history as category II in its presentence investigation report. Probation assessed one point for each of his past three convictions; credit card theft, supermarket theft, and wandering in pursuit of narcotics—a charge reduced from official misconduct and possession of controlled dangerous substances.

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. This court has jurisdiction under 18 U.S.C. § 1291. In reviewing a sentence imposed, "we review a district court's legal conclusions regarding the [Sentencing] Guidelines *de novo*, its application of the Guidelines to the facts for abuse of discretion, and its factual findings for clear error." *United States v. Blackmon*, 557 F.3d 113, 118 (3d Cir. 2009) (internal citations omitted).

At the sentencing hearing, the District Court heard argument on whether to adjust the Probation Department's calculation of Fluker's criminal history, which it had calculated as category II. Fluker's counsel argued that the supermarket theft and wandering convictions should be ignored when determining the appropriate criminal history category because of their minor nature, such that Fluker's criminal history level would be reduced from category II to category I. The District Court did not assess a point for the supermarket theft, but assessed one point for each of the two remaining convictions. Upon foreclosing the safety valve by finding a criminal history category of II, the District Court sentenced Fluker to the statutory minimum of 120 months. Fluker's counsel filed a notice of appeal on behalf of Fluker and then filed an *Anders* brief.

## II.

Under *Anders*, appointed counsel may request permission to withdraw from a frivolous case so long as the request is "accompanied by a brief referring to anything in the record that might arguably support the appeal." 386 U.S. at 744. Counsel must furnish a copy of the brief to the defendant to allow the defendant to write his or her own *Anders* brief opposing his or her counsel's motion to withdraw. *Id*. The *Anders* brief must show: "(1) whether counsel adequately fulfilled [Third Circuit Local Appellate Rule 109.2(a)'s] requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001).

Adequacy of an *Anders* brief under Local Appellate Rule 109.2(a) requires counsel to "satisfy the court that he or she has thoroughly scoured the record in search of appealable issues" and then "explain why the issues are frivolous." *United States v.*

3

*Marvin*, 211 F.3d 778, 780 (3d Cir. 2000) (citation omitted). Counsel need not raise and reject every possible claim; rather, counsel must "provide[] sufficient indicia that he thoroughly searched the record and the law in service of his client so that we might confidently consider only those objections raised." *Youla*, 241 F.3d at 301 (citation omitted). If the defendant files, pro se, an *Anders* brief, counsel must respond to each of the issues raised. *United States v. Coleman*, 575 F.3d 316, 319 (3d Cir. 2009). If counsel's brief "initially appears adequate on its face," our review is guided by the issues identified in counsel's *Anders* brief and "a complete scouring of the record" is unnecessary. *Youla*, 241 F.3d at 301. Even where counsel's *Anders* brief is inadequate, independent review may reveal that the appeal is wholly frivolous. *Coleman*, 575 F.3d at 321.

Fluker's counsel furnished his *Anders* brief to Fluker. In it, he identifies three broad areas of potential appeal: 1) whether the plea hearing was conducted according to the requirements of Rule 11; 2) whether the sentencing hearing was conducted according to Rule 32; and 3) whether the sentence substantively meets the requirements of *United States v. Gunter*, 462 F.3d 237 (3d Cir. 2006). Because the *Anders* brief appears adequate on its face, our review is limited to the identified issues.

### 1. Rule 11

The purpose of Federal Rule of Criminal Procedure 11 is to ensure that a defendant's plea is both knowing and voluntary. *Boykin v. Alabama*, 395 U.S. 238, 242-44 (1969). Rule 11 requires that the District Court advise the defendant of and ensure that he or she understands, in relevant part:

the waiver of certain constitutional rights by virtue of a guilty plea, the nature of the charges to which he or she is pleading guilty, the 'maximum possible penalty' to which he or she is exposed, the court's 'obligation to apply the Sentencing Guidelines [and] . . . discretion to depart from those guidelines under some circumstances,' and 'the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence.'

*United States v. Schweitzer*, 454 F.3d 197, 202-03 (3d Cir. 2006) (quoting Fed. R. Crim. P. 11(b)).  Fluker's counsel argues that any appeal would be frivolous because, prior to accepting the plea agreement, Fluker was sworn, not impaired, and apprised of each individual requirement under Rule 11.  An independent review of the sentencing transcript confirms that Fluker knowingly and voluntarily entered his plea in accordance with the requirements of Rule 11.  Thus, there is no basis for appeal with regards to Rule 11.

## 2.  Rule 32

Federal Rule of Criminal Procedure 32 requires, in relevant part, that: the presentence investigation report be submitted before sentencing; the report identify and apply all of the defendant's relevant criminal history; the defendant be given adequate time to object; and the court verify at sentencing that the defendant and his or her attorney have read and consulted about the report's findings.  Fed. R. Crim. P. 32(c), (d), (f), (i).

In this case, an independent review of the sentencing transcript confirms that the sentencing hearing complied with Rule 32.  The District Court first explained the nature of the presentence investigation report to Fluker.  The District Court also reviewed each of the guidelines calculations with him.  It provided an opportunity for Fluker to object to

the calculation and provided Fluker an opportunity to add anything on his own behalf. Finally, the District Court confirmed that Fluker read and reviewed the presentence investigation report. Therefore, there is no basis for appeal with regards to Rule 32.

### 3. *Gunter*

*Gunter* instructs district courts to make an initial calculation according to the sentencing guidelines, rule on formal motions for departure, and exercise their discretion in applying U.S.S.G. § 3553(a)'s mitigating factors. *Gunter*, 462 F.3d at 247. Without citing any further case law, Fluker's counsel summarily concluded that it "in light of all controlling law [Fluker] is not eligible for the safety valve" and therefore retains no meritorious appeal. (Appellant's Br. at 8) Counsel has not sufficiently explained why this issue is frivolous; however, an independent inquiry, as required by *Coleman*, 575 F.3d at 319, establishes that his conclusion is correct.

This court reviews a sentence imposed by a district court for procedural and substantive reasonableness and will only reverse a sentence if its imposition constitutes an abuse of discretion. *United States v. Merced*, 603 F.3d 203, 214 (3d Cir. 2010). The "safety valve" provision of the guidelines permits a district court to sentence a defendant below the statutory minimum, but within the applicable sentencing guidelines range. This section requires that the District Court find, in relevant part:

> (1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines . . . [and that]

> (5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan . . .

U.S.S.G. § 5C1.2(a)(1), (a)(5). The guidelines define "offense" broadly to include the "offense of the conviction and all relevant conduct." *Id.* at § 5C1.2 cmt. n. 3. Sentences for misdemeanor and petty offenses are calculated under the guidelines. *Id.* at § 4A1.2(c). Whether the facts support denial of safety-valve relief is a question of law subject to plenary review. *United States v. Wilson*, 106 F.3d 1140, 1142–43 (3d Cir. 1997).

The District Court calculated a criminal history within category II by refusing to discount more than one of Fluker's prior convictions and, based upon that determination, applied the statutory minimum sentence of 120 months. Based upon an independent review of the record, we find that the District Court correctly concluded that Fluker fell within a criminal history category of II. Because the District Court applied the statutory minimum sentence, the only discretion it exercised was in determining which past offenses would count toward Fluker's criminal history. The District Court correctly awarded two criminal history points for the convictions of credit card theft and wandering in pursuit of narcotics. The District Court omitted the supermarket theft, which could have been an additional criminal history point under the guidelines calculation. The District Court also expressed its belief that Fluker was not fully honest with the government during pleading. This finding would have disqualified Fluker for the safety-valve even if the District Court had determined a criminal history within category I. U.S.S.G. § 5C1.2. Therefore, after an independent review, we find that the District Court satisfied the requirements of *Gunter*.

## III. CONCLUSION

For the foregoing reasons, we will grant Fluker's counsel's motion to withdraw, affirm Fluker's conviction, and affirm the sentence imposed by the District Court.